FIGLAND, Respondent, v. JONES, Appellant.

(172 N. W. 879).

(File No. 4507. Opinion Filed June 17, 1919).

1. **Contracts—Sinking Artesian Well, Oral Negotiations for Written Contract, Waiver—Evidence—Sufficiency.**

In a suit for contract price of constructing an artesian well and for furnishing certain pipe, etc., therefor, the defense being that, while it was agreed the contract should be reduced to writing and signed before commencement of construction, and that well should be constructed in defendant's presence; plaintiff contending that defendant waived writen contract because of his prospective and subsequent absence from the state, and that defendant authorized proceeding with construction without written contract and during his absence; held, the evidence satisfies that defendant waived written contract and his presence at construction of well, and that it was not plaintiff's fault that contract was not reduced to writing or that defendant was not preesnt, etc.; jury's verdict being conclusive.

2. **Contracts—Artesian Well Construction, Sufficiency of Flow—Conflicting Evidence, Verdict Conclusive.**

Where, in a suit to recover contract price for sinking an artesian well, defense being that the flow was insufficient to comply with contract; held, the question is one of fact for jury under the contract, evidence of terms of contract regarding the required flow being conflicting; and verdict, being amply sustained by evidence, was conclusive re terms of contract.

3. **Evidence—Artesian Well Digging Contract, Required Flow —Subsequent Photographs of Well, Competency, Insufficient Foundation—Rule.**

Where, in a suit for contract price for construction of an artesian well, error is assigned for refusal of trial court to per-

mit in evidence photographs of an artesian well, taken some considerable time after the well was completed, over the objection that no proper foundation had been laid, held, that trial court committed no error; that in order to lay proper foundation for introduction of said pictures, it should be shown that they were taken under the conditions existing at or about time of completion of well; and in view of ample evidence relating to the gallon per minute flow of well, it is questionable whether the pictures would have thrown any light upon or have served to explain other evidence in the case

Appeal from Circuit Court, Sanborn County. Hon. FRANK B. SMITH, Judge.

Action by S. G. Figland, against J. P. Jones, to recover contract price for construction of an artesian well and furnishing pipe, etc., therefor. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

*Null & Royhl,* for Appellant.

*J. E. Whiting,* and *T. J. Spangler,* for Respondent.

(3) To point three of the opinion, Appellant cited:

Wigmore on Ev., Vol. 1, Sec. 790, and cases cited in note.

McCOY, J. Plaintiff brought this action against the defendant to recover the contract price of constructing an artesian well, and for certain piping, valves, and faucets furnished to defendant to connect said well with the dwelling house of defendant. Verdict and judgment were in favor of plaintiff, and defendant appeals.

[1] One of the issues presented by the pleadings was whether or not the said well was constructed under the terms of a contract. The appellant contends that it was agreed there should be a written contract preceding the construction of said well; that respondent and appellant had oral negotiations wherein and whereby they had agreed upon the terms of the contract; but that they had further agreed that said contract should be reduced to writing and signed by them before the commencement of the construction of said well, and that said well should be constructed in the presence of appellant. The respondent admits that such were the oral negotiations, but respondent claims that appellant waived the reducing of said contract to writing; that appellant was desirous of being absent from the state of South Dakota at about the time the construction of said well should be

commenced, and did absent himself from the state, and respondent testified that appellant authorized him to proceed with the construction of said well without the making of a written contract, and during the absence of appellant. A careful reading of the evidence satisfies us that the respondent is correct in this contention, and that the appellant did in fact waive the reducing of said contract to writing, and the presence of appellant at the construction of said well. It appears certain that it was no fault of the respondent that said contract was not reduced to writing, or that appellant was not present during the construction of said well. Under the evidence the verdict of the jury is conclusive upon this question.

The appellant also contends that respondent failed to construct said well according to the terms of said contract, in that said well did not have sufficient force or flow to satisfy its terms. This was purely a question of fact to be decided by the jury after the jury had determined what the terms of the contract were. There was some conflict in the testimony as to what were the precise terms of the contract. The respondent testified that no particular amount of flow from said well was specified, while appellant testified that said well was to be of sufficient force to throw a stream of water into the middle of a certain tank on his premises. Under the evidence we are of the view that the verdict of the jury is conclusive as to the terms of the contract, and that there was ample evidence submitted by respondent to sustain the verdict.

[2] Appellant also assigns as error the refusal of the court to permit in evidence photographic pictures of the well in question, and other wells in the immediate neighborhood. Objection was made to the introduction of said pictures on the ground that they were incompetent, immaterial, and irrelevant, and that no sufficient foundation had been laid. We are of the view that there was no prejudicial error committed by the court in said ruling. Photographic pictures often furnish strong evidence in relation to questions of identity or in relation to the physical appearance of persons or property, but in this case no question of the identity of this well was in issue, nor in relation to the physical appearance, other than as to the flow at the time the picture was taken. It appears from the record that the well

in question was constructed in the year 1912, while the trial of this cause was had in February, 1918. If the question of the amount of the flow of said well was material, such flow would have to be determined as of the date of the completion of said well. It is a matter of common knowledge that the flow of artesian wells varies at different times by reason of sand and other obstructions. The testimony shows that these pictures were taken some considerable length of time after the completion of the well. In order to lay a proper foundation for the introduction of said pictures it was necessary to show that the same were taken under conditions the same as existed at or about the date of the completion of said well. No such foundation was laid. On this ground alone the court was justified in sustaining the objection. There was ample evidence in this case relative to the gallon per minute flow of said well, and it is very questionable whether the pictures would have thrown any light upon or in any manner served to explain the other evidence in the case. All other assignments of error have been carefully considered.

Finding no prejudicial error in the record, the judgment and order appealed from are affirmed.